AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Northern District of Texas

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
OCT -6 2026
CLERK, U.S. DISTRICT COURT
By ____________
Deputy

United States of America
v.

Luis Antonio Favela-Flores

*Defendant(s)*

Case No. 2:26-MJ-208

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of October 6, 2026 in the county of Armstrong in the Northern District of Texas, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 8 United States Code, Section 1326(a), 1326(b)(1) and 6 United States Code, Sections 202(3), 202 (4) and 557 | Illegal Re-Entry After Deportation |

This criminal complaint is based on these facts:

see attached affidavit in support of complaint.

☑ Continued on the attached sheet.

[signature]
*Complainant's signature*

Elizabeth Hawker, HSI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone (specify reliable electronic means).

Date: 10/6/26

[signature: Lee Ann Reno]
*Judge's signature*

City and state: Amarillo, Texas

Lee Ann Reno, U.S. Magistrate Judge
*Printed name and title*

**AFFIDAVIT IN SUPPORT OF COMPLAINT**
**Case No. 2:26-MJ-208**

**Title 8, United States Code, Section 1326(a)**

As a result of my training and experience, I am familiar with federal immigration laws, including 8 U.S.C. § 1326(a), which makes it unlawful to illegally re-enter the United States after deportation or removal. There are four elements to this offense: (1) That the defendant was an alien at the time alleged in the indictment; (2) That the defendant had previously been deported, denied admission, excluded, or removed from the United States; (3) That thereafter the defendant knowingly entered, attempted to enter, or was found in the United States; and (4) That the defendant had not received the consent of the Secretary of the Department of Homeland Security or the Attorney General of the United States to apply for readmission to the United States since the time of the defendant's previous deportation. An "alien" is any person who is not a citizen or national of the United States. 8 U.S.C. 1101(a)(3).

**Facts Establishing Probable Cause**

On October 6, 2026, Homeland Security Investigations (HSI) Special Agent (SA) Elizabeth Hawker encountered Luis Antonio Favela-Flores, in Armstrong County within the city of Claude, TX, which is in the Amarillo Division of the Northern District of Texas. Immigration records were queried and discovered that Luis Antonio Favela-Flores (FAVELA-Flores) is, and was on October 6, 2026, a citizen and national of Mexico by virtue of his birth in Chihuahua, Mexico. Those records also showed that FAVELA-Flores had been removed from the United States previously, on or about

06/13/2012, at or near, the Port of Departure in Presidio, TX. FAVELA-Flores immigration records showed that he had not received the consent of the Secretary of the Department of Homeland Security or the Attorney General of the United States to apply for readmission to the United States since the time of that previous removal.

Elizabeth J. Hawker
Homeland Security Investigations
Special Agent

Pursuant to Federal Rules of Criminal Procedure 4.1 and 41(d)(3), the undersigned judicial officer has on this date considered the information communicated by reliable electronic means in considering whether a complaint, warrant, or summons will issue. In doing so, I have placed the affiant under oath, and the affiant has confirmed that the signatures on the complaint, warrant, or summons and affidavit are those of the affiant, that the document received by me is a correct and complete copy of the document submitted by the affiant, and that the information contained in the complaint, warrant, or summons and affidavit is true and correct to the best of the affiant's knowledge.

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone this 6th day of October, 2026.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE